PT # 54417
NT $ 150
ONS ISSUED Y-3
. RULE 4.1
R FORM
ISSUED
IY. CLK /M
11-5-04

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIAN GARUFO,<br>Plaintiff<br><br>V.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUMPROVIDENT CORPORATION & SUFFOLK CONSTRUCTION COMPANY GROUP LONG TERM DISABILITY PLAN,<br>Defendants | CIVIL ACTION NO. |

**COMPLAINT**     MAGISTRATE JUDGE _____

### INTRODUCTION

1. Plaintiff, Gian Garufo ("Mr. Garufo"), brings this action against Defendants, Unum Life Insurance Company of America ("Unum"), UnumProvident Corporation ("UnumProvident") and Suffolk Construction Company Group Long-Term Disability Plan ("Plan") (collectively referred to as "Defendants") for violation of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). Mr. Garufo is a participant in an ERISA welfare benefit plan that is underwritten and insured by Unum. The name of the welfare benefit plan is the Suffolk Construction Company Group Long-Term Disability Plan. The Policy number is 512021 002.

2. This Complaint challenges the Defendants': 1) unreasonable and unlawful denial of Mr. Garufo's long term disability ("LTD") income benefits despite the substantial medical evidence demonstrating Mr. Garufo's qualifications for said

1

      benefits; 2) pattern of rejecting and/or ignoring the substantial evidence supporting Mr. Garufo's total disability pursuant to the terms of the Plan; 3) failure to provide Mr. Garufo with a full and fair review of his claim; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Mr. Garufo's claim.

3. Mr. Garufo is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify rights under the terms of the Plan, and to recover costs and attorneys' fees as provided by ERISA.

## JURISDICTION

4. This court has personal and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e)(2) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan is administered in this district.

## PARTIES

5. Mr. Garufo is a 38 year old man who currently resides at P.O. Box 172, Eliot, Maine.

6. Mr. Garufo is a vested participant in a Unum employee benefit plan, within the meaning of 29 U.S.C. § 1002(2)(7). Mr. Garufo has standing to bring this action under 29 U.S.C. § 1132(a).

7. The defendant, Unum, is a for-profit corporation with its principal place of business at 2211 Congress Street, Portland, Maine. Unum conducts business in Massachusetts, and in particular, underwrites the Plan under which Mr. Garufo is suing. Unum is the party responsible for processing the claims made under the Plan and making a final determination as to Plan participants' eligibility for LTD

benefits.

8. At all times relevant to the claims asserted in this Complaint, Unum purported to act as an ERISA claims fiduciary with respect to participants of the plan, generally, and specifically, with respect to Mr. Garufo, within the meaning of ERISA.

9. The defendant, UnumProvident Corporation, is a for-profit corporation with its principal place of business at 1 Fountain Square, Chattanooga, TN 37402. UnumProvident Corporation is the holding company for Unum, the party responsible for insuring the Plan under which Mr. Garufo is suing.

10. The Plan under which Mr. Garufo is suing is a "long term disability plan" issued by Unum to Suffolk Construction Company, a Massachusetts company with its principal place of business at 65 Allerton Street, Boston, Massachusetts. The Plan number is 292000.

## STATEMENT OF FACTS

### Insurance Entitlement, Definitions of Disability, Discretion

11. From 1997 through 2001, Mr. Garufo worked at Suffolk Construction Company ("Suffolk"), in Boston, Massachusetts, as the Superintendent of Field Engineering.

12. As an employee of Suffolk, Mr. Garufo was provided with LTD benefits under a contract of insurance between Suffolk and Unum.

13. Unum both funds and administers the Plan under which Mr. Garufo is suing.

14. Under the terms of the Plan, Mr. Garufo is entitled to receive 60% of his monthly earnings to a maximum benefit of $10,000 a month until he turns 65 years old.

15. Under the terms of the Plan, "disability" is defined as follows:

    You are disabled when Unum determines that:

    - you are **limited** from performing the **material and substantial duties** of your **regular occupation** due to your sickness or injury; and

    - you have a 20% or more loss in your **indexed monthly earnings** due to the same sickness or injury.

    (Emphasis in original.)

16. The Plan further states:

    After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.

    (Emphasis in original.)

17. The Plan also states: "We may require you to be examined by a doctor, other medical practitioner and/or vocational expert of our choice. Unum will pay for this examination. We can require an examination as often as it is reasonable to do so. We may also require you to be interviewed by an authorized UNUM Representative."

18. "Regular Occupation" is defined under the Plan in the following manner: "Regular occupation means the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location."

19. The Plan provides claimants with 60% of their monthly earnings, minus all deductible sources of income, including but not limited to, the amount of Social

4

Security Disability Income ("SSDI") benefits.

20. Except for the terms defined above, the Plan contains no other definition or explanation for the terms "disability."

**Mr. Garufo's Claim For LTD Benefits**

21. Mr. Garufo has presented a timely claim to the Defendants, asserting that he is an insured person, that he became disabled while insured, and that he is entitled under the Plan to LTD benefits for the period of time beginning September 2001, when he became totally disabled, and continuing thereafter without interruption through to the present, and continuing in the future until he reaches the age of 65 or is no longer disabled.

**Mr. Garufo's Medical History**

22. At the time he became disabled, Mr. Garufo's occupation was the Superintendent of Field Engineering at Suffolk.

23. Mr. Garufo currently suffers from a herniated disc at L4-5, L4-5 degenerative disk disease, cervical myofascial pain, lower back pain, and right sciatica.

24. The combination of symptoms from these conditions, which include severe back, leg and neck pain, burning, itching, tingling, numbness, and hypersensitivity running from toes up through his right leg and into his lower back.

25. After lifting a small concrete mixer at Suffolk in the fall of 2001, Mr. Garufo began experiencing back pain.

26. At this time, Mr. Garufo saw a message therapist and continued to work.

27. Shortly after this incident, in August 2001, Mr. Garufo slipped and fell on the roof of a construction site at which he was working. As a result of this fall, Mr. Garufo began experiencing leg pain and increased back pain.

28. Mr. Garufo continued to work, although the resulting severe pain he was experiencing limited his work.

29. In response to his worsening symptoms, Mr. Garufo's primary care physician, Dr. Carlos A. Palacio, recommended that he see a surgeon, who in turn ordered an MRI. The findings of Mr. Garufo's MRI indicated that Mr. Garufo was suffering from a herniated disc at L4-5, which was causing the severe pain that Mr. Garufo was experiencing.

30. Mr. Garufo also explored various treatment options to help alleviate his pain. He has tried physical therapy and exercise, and has sought if potential benefits exist if he underwent surgery.

31. In February 2004, Mr. Garufo was examined by Dr. Bruce R. Myers of Seacoast Area Physiatry. Dr. Myers found that Mr. Garufo suffers from exacerbation of radiculitis, which could have resulted from a "double crush injury", and his peroneal nerve is possible entrapped, which could help explain Mr. Garufo's unrelenting leg pain.

**Application for Disability Benefits**

32. On August 31, 2001, after weeks of having tried every way conceivable way to continue to work, Mr. Garufo was forced to stop working. Prior to ceasing work, Mr. Garufo attempted innumerable therapies to continue and return to work,

6

including message therapy, physical therapy, pain medications, yoga, stretching programs, acupuncture, chiropractic techniques, and aqua therapy.

33. Once it became apparent that Mr. Garufo would not be able to return to work, he applied for LTD benefits in November 2001.

**Approval of Mr. Garufo's Claim**

34. Mr. Garufo's LTD benefits was approved by Unum on April 2, 2002.

**Unum's Review of Mr. Garufo's Claim**

35. On February 18, 2003, Unum asked Mr. Garufo to undergo a Transferable Skills Analysis test at Genex, a subsidiary of UnumProvident Corporation.

36. On August 27, 2003, Mr. Garufo saw Gordon P. Sharpless of Ability Associates, located in Eliot, Maine, for a vocational assessment at the request of Unum.

37. On December 3, 2003, Mr. Garufo received a letter from Unum stating that it was going to begin to evaluate his claim for LTD benefits.

**Unum's Termination of Mr. Garufo's Claim**

38. Mr. Garufo's LTD benefits were terminated by Unum on January 27, 2004, on the basis that "based on our review of the medical and vocational information contained in your file, it does not appear that the above restrictions and limitations would preclude you from performing the material and substantial duties of your occupation. Therefore, you no longer meet you definition of disability and your claim will be closed."

**Mr. Garufo's Appeal of Unum's Denial of his Claim**

39. On June 4, 2004, Mr. Garufo was seen by Dr. Joesph Abate of North Suburban Orthopedic Associates of Massachusetts for an independent medical examination.

40. On July 22, 2004, Mr. Garufo, through counsel, appealed Unum's denial of his claim for LTD benefits.

41. On September 22, 2004, Unum upheld its denial of Mr. Garufo's claim on the basis that "the records were reviewed with our medical resource and based on the noted reasonable restriction and limitations, employment in your client's own occupation would not be precluded."

**Mr. Garufo's Current Medical Condition**

42. Mr. Garufo continues to see his treating physicians for treatment and medications.

43. Mr. Garufo has undergone and/or continues to pursue all recommended treatment for herniated discs, and back, neck, and leg pain.

44. Mr. Garufo's symptoms have been unrelenting since his last day of work at Suffolk.

45. Mr. Garufo continues to be disabled from performing the duties of any occupation on a full- or part-time basis.

**Workman's Compensation**

46. Mr. Garufo received a lump sum in settlement of his worker's compensation claim on August 15, 2003.

47. Mr. Garufo's workers compensation lump sum payment was offset from his Unum LTD benefit.

**Summary**

48. Unum failed to provide Mr. Garufo with a full and fair review of his claim for benefits.

49. Unum's failure to provide a full and fair review of Mr. Garufo's claim for benefits is exemplified by Unum's misrepresentation of the medical opinion of Mr. Garufo's treating physicians and its misrepresentation of the nature and severity of his symptoms.

50. Any discretion to which Defendants may claim they are entitled under the Plan is negated by their failure to provide Mr. Garufo with an explanation as to their adverse action and a full and fair review of his claim for benefits.

51. The Defendants have failed to their burden of establishing that Mr. Garufo's condition had changed to such a degree that he was no longer totally disabled under the terms of the Plan.

52. The self-serving nature of the Defendant's decision that Mr. Garufo is no longer disabled is illuminated by the fact that Mr. Garufo's condition has not changed, since the Defendants first accepted liability on his claim for benefits.

53. The self-serving nature of the Defendants' decision to deny Mr. Garufo's benefits is further illuminated by their reliance upon selected pieces of the medical evidence to terminate Mr. Garufo's benefits and its refusal to consider the additional evidence submitted in support of Mr. Garufo's claim.

54. The decision to deny Mr. Garufo's benefits was wrongful, unreasonable, irrational, solely contrary to the evidence, contrary to the terms of the Plan and contrary to law.

55. Unum was influenced by its financial conflict of interest, as both the administrator of the plan and the payor of benefits thereunder, when it terminated Mr. Garufo's benefits.

56. Due to the unlawful denial of benefits under ERISA, Mr. Garufo has lost his rightful long-term disability benefits. He has also suffered emotional distress and humiliation as a result of Unum's actions.

57. Due to the unlawful denial of benefits under ERISA, Mr. Garufo has also lost the use of his long-term disability benefits.

58. Due to the unlawful denial of his benefits under ERISA, Mr. Garufo lost his Life Insurance Premium Waiver, and subsequently, his life insurance benefits, also provided by Unum and UnumProvident.

59. Having exhausted the administrative procedures provided by Unum, Mr. Garufo now brings this action.

## FIRST CAUSE OF ACTION
### (Enforcement of Terms of Plan
### Action for Unpaid Benefits)
### (ALL DEFENDANTS)

60. Mr. Garufo realleges each of the paragraphs above as if fully set forth herein.

61. The Plan is a contract.

62. Mr. Garufo has performed all of his obligations under the contract.

63. 29 U.S.C. § 1132(a)(1)(B) states that:

A civil action may be brought ---

    (1) by a participant or beneficiary –

        (A) for the relief provided for in subsection (c) of this section, or

        (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

64. The Defendants' actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

65. The Defendants unlawfully denied Mr. Garufo's benefits in part by: (1) rejecting, without any basis, the substantial evidence supporting Mr. Garufo's claim for disability; and (2) denying Mr. Garufo a full and fair review of their decision to deny his benefits.

66. In accordance with 29 U.S.C. §1132, Mr. Garufo is entitled to be paid benefits under the Plan based upon his disabled status from and after August 31, 2001, and continuing into the present.

67. The Defendants have refused to provide Mr. Garufo with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA, which requires that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the Plan participants.

68. As a direct and proximate result of this breach, Mr. Garufo has lost the principal and the use of his rightful LTD benefits.

## SECOND CAUSE OF ACTION

### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

69. Mr. Garufo realleges each of the paragraphs above as if fully set forth herein.

70. Under the standards applicable to ERISA, Mr. Garufo deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

71. The Defendants have the ability to satisfy the award.

72. Mr. Garufo's conduct of this action is in the interests of all participants suffering from physical conditions who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

73. The Defendants have acted in bad faith in denying Mr. Garufo's benefits under the Plan.

74. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge and decree that Mr. Garufo is entitled to ongoing LTD benefits as calculated under the terms of the Plan.

(2) Award Mr. Garufo the full amount of unpaid benefits under the Plan to which he is entitled, together with such pre-judgment interest as may be allowed by law.

(3) Order that the Defendants make restitution to Mr. Garufo in the amount of any losses sustained by Mr. Garufo in consequence of the wrongful conduct alleged herein, together with prejudgment interest.

(4) Award Mr. Garufo the costs of this action and reasonable attorneys' fees; and

(5) Award such other relief as the court deems just and reasonable.

Date: November 5, 2004                    Respectfully submitted for the Plaintiff,

By: _____
Mala M. Rafik
BBO No. 638075
ROSENFELD & RAFIK, P.C.
44 School Street, Suite 410
Boston, MA 02108
617-723-7470

13