UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIAN GARUFO,<br><br>        Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUMPROVIDENT CORPORATION, & SUFFOLK CONSTRUCTION COMPANY GROUP LONG TERM DISABILITY PLAN,<br><br>        Defendants. | Civil Action No. 04-12358 NG |

## ANSWER

Defendants Unum Life Insurance Company of America ("Unum"), UnumProvident Corporation ("UnumProvident"), and Suffolk Construction Company Group Long Term Disability Plan (the "Plan") (collectively, the "Defendants") answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

### INTRODUCTION

1. Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. In response to Paragraph 2 of Plaintiff's Complaint, Defendants admit that Plaintiff challenges Unum's practices and decisions in relation to his claim as set forth in Paragraph 1 of Plaintiff's Complaint; Defendants deny the truth of those allegations.

{W0314060.2}

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint relating to the fact that Plaintiff has filed this action to seek the identified remedies; Defendants deny that he is entitled to such remedies.

## JURISDICTION

4. Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## PARTIES

5. Defendants deny that Plaintiff is currently 38 years old. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Paragraph 6 of Plaintiff's Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Paragraph 8 of Plaintiff's Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendants deny that UnumProvident is the "holding company for Unum" and admit the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendants deny that the Plan was "issued by Unum to Suffolk Construction Company." Defendants are without knowledge or information sufficient to form a belief as to

whether Suffolk Construction Company is a Massachusetts company and the location of its principal place of business. Defendants admit the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

## STATEMENT OF FACTS

**Insurance Entitlement, Definitions of Disability, Discretion**

11. Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary. Defendants deny that Plaintiff is "entitled" to receive benefits.

15. In response to Paragraph 15 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

16. In response to Paragraph 16 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

17. In response to Paragraph 17 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

18. In response to Paragraph 18 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

20. In response to Paragraph 20 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

**Mr. Garufo's Claim for LTD Benefits**

21. Defendants admit that Plaintiff submitted a claim to Unum, the contents of which speak for themselves, and they deny any allegations to the contrary. Defendants deny the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

**Mr. Garufo's Medical History**

22. Defendants deny that Plaintiff became "disabled" and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. In response to Paragraph 29 of Plaintiff's Complaint, Defendants admit that Plaintiff submitted to Unum a record from Dr. Carlos A. Palacio, dated October 17, 2001, the contents of which speak for themselves, and they deny any allegations to the contrary.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. In response to Paragraph 31 of Plaintiff's Complaint, Defendants admit that Plaintiff submitted to Unum a record from Dr. Bruce R. Myers of Seacoast Area Physiatry, dated February 5, 2004, the contents of which speak for themselves, and they deny any allegations to the contrary.

**Application for Disability Benefits**

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants admit that Plaintiff submitted a claim for LTD benefits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

**Approval of Mr. Garufo's Claim**

34. Defendants admit the allegations contained in Paragraph 34 of Plaintiff's Complaint.

**Unum's Review of Mr. Garufo's Claim**

35. Defendants admit that on February 18, 2003 Unum asked Plaintiff to undergo a Transferable Skills Analysis. Defendants deny the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. In response to Paragraph 36 of Plaintiff's Complaint, Defendants admit that, at Unum's request, Gordon P. Sharpless of Ability Associates prepared an Initial Vocational Rehab Report concerning Plaintiff, dated August 27, 2003, the contents of which speak for themselves, and deny any allegations to the contrary.

37. In response to Paragraph 37 of Plaintiff's Complaint, Defendants admit that Unum sent Plaintiff a letter dated December 3, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

**Unum's Termination of Mr. Garufo's Claim**

38. In response to Paragraph 28 of Plaintiff's Complaint, Defendants admit that Unum sent Plaintiff a letter dated January 27, 2004, indicating that his benefits were terminated. The contents of that letter speak for themselves and Defendants deny any allegations to the contrary.

**Mr. Garufo's Appeal of Unum's Denial of his Claim**

39. In response to Paragraph 39 of Plaintiff's Complaint, Defendants admit that Plaintiff submitted to Unum a record of Dr. Joseph Abate dated June 4, 2004, the contents of which speak for themselves, and they deny any allegations to the contrary.

40. Defendants admit the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. In response to Paragraph 41 of Plaintiff's Complaint, Defendants admit that Unum sent Plaintiff a letter dated September 22, 2004, upholding its denial of benefits. The contents of that letter speak for themselves, and Defendants deny any allegations to the contrary.

**Mr. Garufo's Current Medical Condition**

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

**Workmen's Compensation**

46. In response to Paragraph 46 of Plaintiff's Complaint, Defendants admit that Plaintiff provided to Unum a Lump Sum Agreement dated August 15, 2003. Defendants are without knowledge or information sufficient to form a belief as to whether or when Plaintiff's received any lump sum settlement.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

**Summary**

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION
### (Enforcement of Terms of Plan / Action for Unpaid Benefits)

60. Defendants repeat and reassert with the same force and effect as if set forth in full herein their answers to the allegations contained in Paragraphs 1 through 59 of Plaintiff's Complaint.

61. Paragraph 61 of Plaintiff's Complaint states a legal conclusion to which no response is required.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. In response to Paragraph 63 of Plaintiff's Complaint, Defendants admit that the quotation is accurate, but deny that Plaintiff is entitled to relief under the quoted statute.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)

69.     Defendants repeat and reassert with the same force and effect as if set forth in full herein their answers to the allegations contained in Paragraphs 1 through 68 of Plaintiff's Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Defendants admit the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

### SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's recovery, if any, is limited to the terms, conditions, limitations, exclusions, and other provisions of the Policy.

### FOURTH DEFENSE

Defendants have complied with and performed all of their promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

## FIFTH DEFENSE

The demand for attorneys' fees should not be granted under ERISA because Defendants' handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

## SIXTH DEFENSE

Each and every act or statement done or made by Defendants and its officers, employees and agents with reference to Plaintiff was a good-faith assertion of Defendants' rights and, therefore, was privileged and/or justified.

## SEVENTH DEFENSE

The Policy contains monthly benefits reductions, including but not limited to reductions for Worker's or Workmen's Compensation awards and Social Security benefits.

## EIGHTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which Defendants deny, such determinations to do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

## NINTH DEFENSE

Defendant Unum's decisions were neither arbitrary nor capricious.

## TENTH DEFENSE

The nature of relief sought by Plaintiff is unavailable under ERISA.

## REQUESTED RELIEF

Defendants respectfully request: (i) that the Court dismiss the claims against them with prejudice and that judgment be entered in Defendants' favor on such claims; (ii) that Defendants

be awarded their costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

Dated: February 2, 2005

/s/ John J. Aromando
John J. Aromando, BBO #545648
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100
jaromando@pierceatwood.com

Attorney for Defendants
Unum Life Insurance Company of America
UnumProvident Corporation
Suffolk Construction Company Group Long Term Disability Plan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 2, 2005, I electronically filed Defendants' Answer with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mala M. Rafik, Esq.
mmr@rosenfeld.com

Dated:  February 2, 2005

/s/  John J. Aromando
John J. Aromando, BBO #545648
PIERCE ATWOOD
One Monument Square
Portland, ME  04101
(207) 791-1100
jaromando@pierceatwood.com

Attorney for Defendants